### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER BARLOW, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6325** |
| **REALTY INCOME PROPERTIES 17, LLC., ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is a **Motion for Sanctions (R. Doc. 11)**, filed by Defendant, Dolgencorp., LLC., ("Defendant"), seeking an order from this Court sanctioning Plaintiffs, Heather Barlow and Edward Barlow, (collectively "Plaintiffs") for failing to respond to its Interrogatories and Requests for Production of Documents after being ordered to do so by this Court on March 17, 2014. *See* R. Doc. 9 & 11. The motion is unopposed. It was heard on the briefs on April 16, 2014.

**I.     Background**

This action was removed to the Eastern District of Louisiana on November 1, 2013, based on 28 U.S.C. § 1332. *See* R. Doc. 1, p. 3, ¶ 9. Plaintiff originally filed the instant lawsuit against Defendants in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard on September 4, 2013, for personal injury damages sustained from an alleged slip and fall accident that occurred on September 5, 2012, on the premises of a Dollar General Store, #11511, owned by Defendant, Realty Income Properties 17, LLC. *See* R. Doc. 1-2, p. 1-2, ¶ III-IV.

On February 14, 2014, Defendant contends that counsel for Plaintiffs represented that he has been unable to contact his clients for some time. *See* R. Doc. 11-1, p. 1. Thus, Defendant filed a

motion to compel discovery. *Id.* On March 17, 2014, this Court granted Defendant's Unopposed Motion to Compel (R. Doc. 6), requiring Plaintiffs to provide full and complete discovery responses to Defendant's discovery requests no later than ten days from the issuance of that Order. *See* R. Doc. 9. Plaintiffs responses were due no later than March 28, 2014. *See* R. Doc. 11-1, p. 1. However, Plaintiffs failed to timely respond.

As such, Defendant filed the instant motion seeking sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(A), in the form of either dismissal of the instant action, or a sanction that would "among other things, a) deter the Plaintiff from engaging in this behavior in the future; and b) ensure Defendant's ability to have timely discovery." *Id.* at p. 3.

## II.    Standards of Review

Fed.R.Civ.P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, Fed.R.Civ.P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488-89 (5th Cir. 2012); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983).

The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990). This discretion, however, is limited. "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b) striking pleadings or dismissal of a case." *Smith,* 685 F.3d at 488; citing *Pressey,* 898 F.2d at1021. However, lesser sanctions do not require a finding of willfulness. *Smith,* at 488-89; *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir.1993)

2

(stating that district courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b), to appropriately respond to and deal with parties which have disobeyed discovery orders and "neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions"). However, a district court's discretion in fashioning "appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Chilcutt,* 4 F.3d at 1391-20. Furthermore, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed.R.Civ.P. 37(b)(2)(C); Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1).

**III.   Analysis**

On March 17, 2014, this Court granted Defendant's Unopposed Motion to Compel (R. Doc. 6), requiring Plaintiffs to provide full and complete discovery responses to Defendant's discovery requests no later than ten days from the issuance of that Order. *See* R. Doc. 9. Plaintiffs responses were due no later than March 28, 2014. *See* R. Doc. 11-1, p. 1. Defendant contends that as of yet, Plaintiffs have yet to respond to its discovery requests.

As a result, Defendant seeks sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(A), in the form of either dismissal of the instant action, or a sanction that would "among other things, a) deter the Plaintiff from engaging in this behavior in the future; and b) ensure Defendant's ability to have timely discovery." *Id.* at p. 3.

Although a Court may, pursuant to Rule 37(b), dismiss an action for a party's failure to comply with a Court Order, "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Smith,* 685 F.3d at 490; citing *Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190 (5th Cir.1985); *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir.1980) (same). This Circuit has held that "dismissal is authorized only when the

failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply." *Bluitt*, 777 F.2d at 190-91; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *see also Marshall*, 621 F.2d at 767 n. 8. "Another consideration is whether the other party's preparation for trial was substantially prejudiced." *Id.* However, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *Bluitt,* 777 F.2d at 190-91; citing *Marshall*, 621 F.2d at 768; *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978).

Here, the Court does not find that dismissal of this action is appropriate, as there is no evidence that the failure to comply with this Court's Order results from "willfulness or bad faith" on the part of counsel for plaintiffs, as counsel for Defendant indicated that counsel for Plaintiffs had been unable to contact his clients. *See supra.* Having found no willful misconduct here, the Court finds that dismissal, one of the most severe sanctions, is inappropriate at this time.

However, the Court finds that because it is authorized, pursuant to Rule 37(b) "to impose sanctions against parties or counsel, 'including attorney's fees,' caused by the failure to comply with discovery orders," a more appropriate sanction in this case is to award attorney fees to Defendant. *Smith,* 685 F.3d at 490; citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). *See also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir.1985) (referencing the "primary purpose of Rule 37 sanctions is to deter future abuse of discovery") (citing *Nat'l Hockey League*, 427 U.S. at 643; *Batson v. Neal Spelce Assocs.*, Inc., 765 F.2d 511, 514 (5th Cir.1985) (holding that under Rule 37(b)(2), "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions").

As such, this Court finds that an appropriate sanction, in accordance with Fed. R. Civ. P. 37(d), is to order Plaintiffs, not their counsel, to pay the reasonable expenses, including attorney's fees incurred with the filing of the instant motion, caused by his failure to satisfy the financial

obligation previously ordered by this Court.   *See* Fed.R.Civ.P. 37(b)(2)(C); Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1). Therefore, pursuant to Rule 37(d), reasonable costs, including attorney's fees, in association with the instant motion are granted.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Dolgencorp., LLC.'s **Motion for Sanctions (R. Doc. 11)** is **GRANTED,** and that an award of reasonable expenses, including attorney's fees, against the Plaintiffs Heather and Edward Barlow pursuant to Federal Rule of Civil Procedure 37(d).

**IT IS FURTHER ORDERED** that Defendant, Dolgencorp, LLC., shall file a motion to fix attorney's fees into the record by **April 23, 2014** along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, April 30, 2014**.  Defendant shall notice the motion to fix attorney's fees for submission on **Wednesday, May 7, 2014**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 16th day of April 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**