UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER BARLOW, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6325** |
| **REALTY INCOME PROPERTIES 17, LLC., ET AL.** | **SECTION: "F" (4)** |

**ORDER**

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 18)**, filed by Defendant, Dolgencorp., LLC., ("Defendant") in accordance with this Court's Order granting its Motion for Sanctions (R. Doc. 11) issued on April 16, 2014. *See* R. Doc. 14. The motion is unopposed. The motion was noticed for submission on May 7, 2014, and heard on the briefs on that date.

**I.   Background**

This action was removed to the Eastern District of Louisiana on November 1, 2013, based on 28 U.S.C. § 1332. *See* R. Doc. 1, p. 3, ¶ 9. Plaintiffs originally filed the instant lawsuit against Defendants in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard on September 4, 2013, for personal injury damages sustained from an alleged slip and fall accident that occurred on September 5, 2012, on the premises of a Dollar General Store, #11511, owned by Defendant, Realty Income Properties 17, LLC. *See* R. Doc. 1-2, p. 1-2, ¶ III-IV.

On March 28, 2014, Defendant Dolgencorp, filed a Motion for Sanctions, seeking an Order from this Court for Plaintiffs failure to comply with a previous Order (R. Doc. 9), which required Plaintiffs to respond to Defendant's discovery requests. *See* R. Doc. 11. On April 16, 2014, this

Court granted Defendant's motion for sanctions and ordered Defendant to file a motion to fix attorney's fees. *See* R. Doc. 14.

As a result, Defendant Dolgencorp, filed the instant **Motion to Fix Attorney's Fees (R. Doc. 18)**, on April 24, 2014, including an affidavit of its attorney, Daniel Redmann ("Redmann") as well as a billing and expenses record of the alleged 6.3 hours spent on the motions to compel and for sanctions, at $175.00 per hour, totaling $1,102.50. *See* R. Doc. 18-5, p. 3-4. The motion is unopposed.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

## III. Analysis

### A. Calculating a Reasonable Hourly Rate

Because Plaintiffs make no challenge to the reasonableness of the rates charged by Redmann the Court finds that his hourly rate of $175.00, is reasonable. *La. Power & Light,* 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.,* No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

### B. Determining the Reasonable Hours Expended

In support of its motion, Defendant submits a copy of Redmann's billing entries for the motion to compel as well as the motion for sanctions. *See* R. Doc. 18-5, p. 3-4. There are approximately seventeen entries on Redmann's billing sheets, [2] five of these entries consisted of preparing email and letter communications to opposing counsel regarding the status of discovery prior to the filing of the motion, for approximately (.5 hours),[3] three of which consisted of preparing email communications to the client regarding new deadlines and the status of the motion to compel,

---

[2] The seventeen entries are as follows: 1/2/14: preparation of email to counsel regarding discovery conference (0.10); 1/8/14: preparation of email to counsel regarding discovery status (0.10); 1/13/14: preparation of email to counsel regarding status of discovery responses (0.10); 1/16/14: call from counsel regarding status of discovery responses (0.10); 1/24/14: preparation of letter to counsel regarding discovery conference setting (0.10); 1/27/14: email from counsel regarding discovery extension of time (0.10); 1/27/14: Preparation of email to client regarding new discovery deadline (0.10); 2/12/14: Telephone conference with counsel regarding motion filing (0.10); 2/12/14: Email to client regarding filing of Motion to Compel (0.10); 2/14/14: drafting of Motion to Compel (1.40); 3/07/14: Receipt and review of notice from court that motion will be considered on briefs only (0.10); 3/18/14: Review of order relative to Motion to Compel filed. (0.10); 03/27/14: Drafting of Motion for Sanctions, Memorandum and proposed Order (3.20); 3/27/14: preparation of email to client regarding status of motion to compel (0.10); 03/28/14: Drafting of proposed order for Motion for Sanctions (0.20); 4/11/14: Review of notice from Court regarding evidence submitted on the briefs (0.10); 4/18/14: Receipt and review of Order from Court regarding sanctions (0.20). *See* R. Doc. 18-5, p. 3-4.

[3] *See id.,* at 1/2/14; 1/8/14; 1/13/14; 1/24/14; 1/27/14.

for approximately (.3 hours),[4] two of which consisted of phone calls between Redmann and opposing counsel regarding the status of discovery responses and the filing of a motion to compel (.2 hours),[5] three of which consisted of the drafting of the motion to compel, review of the Court's Order setting the motion on the briefs, and review of the Court's Order for approximately (1.6 hours),[6] and four of which consisted of the drafting of the motion for sanctions and its Order, review of the Court's Order setting the motion on the briefs and review of the Court's Order granting sanctions for approximately (3.7 hours),[7] for a total of 6.3 hours.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996). Here, the Court finds that 1.6 hours spent on the motion to compel and the 3.7 hours spent of the motion for sanctions, totaling approximately 5.3 hours, is somewhat excessive and hereby reduces the amount to 3.6 hours. *See e.g., Pizzolato v. Safeco Ins. Co of Am.,* No. 08-353, 2008 WL 4809137 at *2-3 (M.D. La. Nov. 3, 2008) (the Court found that 3.6 hours spent for research and filing of the motion for fees was reasonable); *Davis v. Am. Sec. Ins. Co.,* No. 07-01141, 2008 WL 2228896 (E.D. La. May 28, 2008) ([t]his Court held that 5.30 hours spent on a motion to compel, motion to fix attorney fees and research thereof, was excessive for an attorney with one to two years legal experience and reduced the total hours requested to 3.0 hours); *Smith v. State Farm*

---

[4]*See id.,* at 1/27/14; 2/12/14; 3/27/14.

[5]*See supra,* n. 2 at 1/16/14 and 2/12/14.

[6]*See supra,* n. 2 at 2/14/14; 3/7/14; 3/18/14.

[7]*Id.* at n. 2 at 3/27/14; 3/28/14; 4/11/14; 4/18/14.

*Fire & Cas. Ins. Co.*, Civ. A. No. 09-6522, 2010 WL 3021641 (E.D. La. July 29, 2010) (awarding 2.1 hours spent on a motion for sanctions, and 1.8 hours on a motion to compel). As such, the Court herein reduces the time requested on the motions to compel and for sanctions from 5.3 hours to 3.6 hours, totaling an award of $630.00.

As to the remaining 1.0 hours of entries submitted by Defendant, five of which consisted of preparing email and letter communications to opposing counsel regarding the status of discovery prior to the filing of the motion, for approximately (.5 hours),[8] three of which consisted of preparing email communications to the client regarding new deadlines and the status of the motion to compel, for approximately (.3 hours),[9] and two of which consisted of phone calls between Redmann and opposing counsel regarding the status of discovery responses and the filing of a motion to compel for approximately (.2 hours) are reasonable, and need not be reduced. Therefore, the Court finds that Defendant's requested time of 1.0 hours, at a rate of $175.00 per hour is reasonable on these entries.

As such, the Court finds that Defendant is entitled to recover attorney fees for a total of 4.6 hours, at a reasonable rate of $175.00 per hour, totaling an award of $805.00.

### 3. **Adjusting the Lodestar**

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining

---

[8]*See id.,* at 1/2/14; 1/8/14; 1/13/14; 1/24/14; 1/27/14.

[9]*See id.,* at 1/27/14; 2/12/14; 3/27/14.

whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Defendant is entitled to an award of $805.00 in attorneys fees.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Dolgencorp., LLC's **Motion to Fix Attorney's Fees (R. Doc. 18)** is **GRANTED**. The Court finds that a total amount of $805.00 in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Plaintiffs shall satisfy his obligation to Dolgencorp no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 7thday of May 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**